UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ST. JULIAN BARANCO (#543093)                    CIVIL ACTION

VERSUS

J. KIRST, ET AL.                                 22-424-BAJ-RLB

ORDER

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants J. Kirst, Captain Reed, Warden Sanders, Colonel Will, Major Reed, and Robert Borderlon, complaining that his constitutional rights were violated by defendant Krist due to the issuance of a falsified police report. As to the remaining defendants, plaintiff states only that he has been treated unfairly and these defendants have "broke my civil rights" while housed at Louisiana State Penitentiary.

**Malicious Prosecution**

*Federal and State Law*

Prior to *Thompson v. Clark*, 142 S.Ct. 1332 (2022), the Fifth Circuit held that "although there is no 'freestanding constitutional right to be free from malicious prosecution,' '[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example.' " *Payton v. Town of Maringouin*, 2022 WL 3097846, *3 (5th Cir. 2022), *citing Winfrey v. Rogers*, 901 F.3d 483, 491 (5th Cir. 2018) (*quoting Castellano v. Fragozo*, 352 F.3d 939, 953–54 (5th Cir. 2003) (en banc)). *Winfrey* held that the plaintiff had presented a cognizable

Fourth Amendment claim because he was arrested pursuant to a warrant whose affidavit did not establish probable cause, and the criminal proceedings ended in his favor. *Id*. at 492–93, 495. *Thompson* suggested that the elements of a Fourth Amendment claim under Section 1983 for malicious prosecution are (i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which is often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused. *Thompson*, 142 S.Ct. at 1338.

Under Louisiana law, the elements of the tort of malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Lemoine v. Wolfe*, 168 So. 3d 362, 367 (La. 2015).

## Personal Involvement

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*,

356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Plaintiff's Complaint does not allege facts sufficient to state a claim.[1] The circumstances alleged by Plaintiff are vague in all regards. Accordingly,

**IT IS ORDERED** that Plaintiff shall, **within 21 days from the date of this Order**, amend his Complaint by:

(1) Stating facts with regards to each element set forth above of his claim for malicious prosecution under federal law, and the date upon which said acts occurred;

(2) Stating facts with regards to each element set forth above of his claim for malicious prosecution under state law, and the date upon which said acts occurred; and

(3) Stating facts with regards to the alleged civil rights violations at Louisiana State Penitentiary, and facts pertaining to the personal involvement of each defendant.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on December 30, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Based on the allegations, it appears that plaintiff was convicted of the complained of charges and is serving a life sentence.