## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ST. JULIAN BARANCO (#543093)**                                    **CIVIL ACTION**

**VERSUS**

                                                                   **22-424-BAJ-RLB**

**J. KIRST, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 28, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ST. JULIAN BARANCO (#543093)                                     CIVIL ACTION

VERSUS
                                                                22-424-BAJ-RLB
J. KIRST, ET AL.

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants J. Krist, Captain Reed, Warden Sanders, Colonel Will, Major Reed, and Robert Borderlon, complaining that his constitutional rights were violated by defendant Krist due to the issuance of a falsified police report. As to the remaining defendants, plaintiff states only that he has been treated unfairly and these defendants have "broke my civil rights" while housed at Louisiana State Penitentiary. He seeks monetary and injunctive relief.

**28 U.S.C. §§ 1915(e) and 1915A**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly

does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Plaintiff's Allegations

In his Complaint, the plaintiff alleges that defendant Krist falsified a police report resulting in a malicious prosecution in East Baton Rouge. Defendants Captain Reed, Warden Sanders, Colonel Will, Major Reed, and Robert Borderlon have not treated the plaintiff fairly while he has been housed at Louisiana State Penitentiary and have "broke my civil rights." On December 30, 2022, the plaintiff was ordered to amend his Complaint to state facts in support of his claim of malicious prosecution and with regards to the alleged civil rights violations occurring at Louisiana State Penitentiary. The Courts order also recited the law pertinent to the plaintiff's claims. The plaintiff has not submitted an amended complaint. As such, his allegations remain entirely conclusory.

### *Conclusory Allegations Fail to State a Claim*

In order to state a civil rights claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege facts to support his broad allegations. *See Vinson v. Heckmann,* 940 F.2d 114, 115 (5th Cir.1991); *Wesson v. Oglesby,* 910 F.2d 278, 280 (5th Cir.1990). Conclusory allegations are

insufficient. *R.A.M. Al–Raid v. Ingle,* 69 F.3d 28, 32 (5th Cir.1995). The Plaintiff has offered

nothing other than conclusory allegations concerning his claims for malicious prosecution and other

unspecified constitutional violations. In the absence of any factual allegations, such claims cannot

state a claim upon which relief may be granted and should be dismissed.

## State Law Claims

### *Supplemental Jurisdiction*

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the

supplemental jurisdiction of this Court over potential state law claims, a district court may decline

the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex

issues of state law, if the claims substantially predominate over the claims over which the district

court has original jurisdiction, if the district court has dismissed all claims over which it had original

jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having

recommended that the Plaintiff's federal claims be dismissed, the Court further recommends that the

exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any

potential state law claims, and that Plaintiff's claims be dismissed, with prejudice, for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 28, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 o rmore prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."